## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

CHRISTINA PROTHERO,              )
on behalf of A.M.P.,             )
a minor child,                   )
                                 )
            Plaintiff,           )
                                 )
v.                               )   Case No. CIV-12-227-RAW-KEW
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security Administration,         )
                                 )
            Defendant.           )

## REPORT AND RECOMMENDATION

Plaintiff Christina Prothero ("Plaintiff"), on behalf of her minor child, A.M.P. (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration ("Defendant") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability for persons under the age of 18 is defined by the Social Security Act as the "a medically determinable physical or mental impairment or combination of impairments that causes marked

and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. Social Security regulations implement a three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act. *See*, 20 C.F.R. § 416.924.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute

---

[1] At step one, a child will not be deemed disabled if he is working and such work constitutes substantial gainful activity. requires the claimant to establish that he is not engaged in substantial gainful activity. At step two, a child will not be found disabled if he does not suffer from a medically determinable impairment that is severe. At step three, a child's impairment must meet a listing and must meet the duration requirement of 12 months. 20 C.F.R. § 416.924(b), (c) and (d).

its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on October 17, 1995 and was 15 years old on the date the ALJ issued his decision.  Claimant is alleged to have become disabled due to bilateral hydronephrosis, coil in the heart, skin syndrome, asthma, ear problems, and Attention Deficit Disorder ("ADD").

## Procedural History

On March 1, 2009, Claimant, through her representative, protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (42 U.S.C. § 1381 et seq.). Claimant's application for benefits was denied in its entirety initially and on reconsideration.  On December 17, 2010, a hearing before ALJ Trace Baldwin was held in Paris, Texas.  By decision dated March 10, 2011, the ALJ found that Claimant was not disabled. On March 23, 2012, the Appeals Council denied review of the ALJ's findings.  Thus, the decision of the ALJ represents the

Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step three of the sequential evaluation. He determined that Claimant's condition did not meet a listing and she had not been under a disability at any time since the alleged onset date.

## Review

Claimant asserts that the ALJ erred in (1) failing to make a credibility determination on Plaintiff Prothero's testimony; and (2) finding Claimant did not have deficits in adaptive functioning consistent with mental retardation.

## Credibility Determination

In his decision, the ALJ found Claimant suffered from the severe impairments of a learning disorder, NOS, borderline intellectual functioning; ADHD, and mild to moderate hearing loss. (Tr. 30). After considering the six functional equivalence domains, the ALJ concluded Claimant was not disabled. (Tr. 32-39).

Claimant contends the ALJ failed to make a credibility determination on Plaintiff Prothero's testimony at the hearing. Plaintiff Prothero testified on behalf of her daughter, Claimant A.M.P. at the administrative hearing because Claimant suffers from hearing problems requiring her to read lips. (Tr. 48). She testified to her daughter's congenital heart problems at birth.

(Tr. 49-50). Plaintiff also testified Claimant has hearing problems and had been in special education since kindergarten. (Tr. 49). Claimant also had kidney problems with recurrent infections of 2-3 times per month. (Tr. 50). Claimant's hearing problems required a hearing aid. Medicaid, however, would only pay for one hearing aid. (Tr. 51). Claimant had also been given an FM speaker to use during class so that she could hear her teacher. (Tr. 51). Plaintiff also testified Claimant suffered from ADD and learning problems in math and reading. (Tr. 52). Plaintiff stated she noticed little change in Claimant because she only had one hearing aid. Claimant still read lips and had a hard time adjusting. (Tr. 52). Claimant's hearing loss also caused problems in school. Plaintiff testified Claimant was functioning at a 3-4 grade level. (Tr. 57).

Plaintiff also testified Claimant texted to one friend but did not have a friend to "hang out" with all the time. (Tr. 52). Claimant had a harder time since entering high school. She misinterprets what is said due to her hearing difficulties which causes problems. She had a tendency to be by herself and comes into Plaintiff's classroom to eat her lunch. She is not permitted to go to a whole lot of places because of her hearing problems. (Tr. 53). Claimant attempted cheerleading but there was "lots of drama and lots of hateful things said" and she was no longer a cheerleader. (Tr. 55).

Plaintiff testified it took Claimant several times to be able to follow instructions, do her laundry, do her chores, and things of that nature. (Tr. 53). Plaintiff's other children operate at a higher level of understanding, mentally, educationally than Claimant and her siblings go places with her. (Tr. 54). Claimant listens to music very loudly and texts. Id.

In his decision, the ALJ stated that Plaintiff testified on Claimant's behalf at the hearing. (Tr. 27). He then set forth the generic statement that he considered "all of the relevant evidence" including "information from other sources, such as . . . the claimant's statements (including statements from claimant's parent(s) or other caregivers. . . ." (Tr. 31).

"If the child claimant is unable to adequately describe his symptoms, the ALJ must accept the testimony of the person most familiar with the child's condition. 20 C.F.R. § 416.928(a). In such a case, the ALJ must make specific findings concerning the credibility of the parent's testimony, just as he would if the child were testifying. *Cf*. Williams v. Bowen, 859 F.2d 255, 260-61 (2d Cir. 1988) ("The failure to make credibility findings regarding the [mother's] critical testimony fatally undermines the Secretary's argument that there is substantial evidence adequate to support his conclusion that claimant is not under a disability."). Briggs ex rel. Briggs v. Massanari, 248 F.3d 1235, 1239 (10th Cir. 2001). The ALJ is required to make this credibility determination

even when a significant portion of the record supports the testimony. _Id_.

In this case, the ALJ failed to make any credibility determination in relation to Plaintiff's testimony. Plaintiff testified as to significant limitations upon Claimant's hearing, social functioning, and intellectual capacity was ultimately contrary to the findings on the six functional equivalence domains. On remand, the ALJ shall make the necessary credibility findings and, if he rejects Plaintiff's testimony as to the extent and degree of Claimant's limitations, he shall give reasons for the rejection of Plaintiff's testimony.

### Adaptive Functioning Evaluation

Claimant also contends the ALJ failed to properly evaluate whether she meets Listing 112.05. Listing 112.05 requires in pertinent part:

> 112.05 Mental Retardation: Characterized by significantly subaverage general intellectual functioning with deficits in adaptive functioning.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, D, E, or F are satisfied.
> *   *   *
> C. A valid verbal, performance, or full scale IQ of 59 or less;
>
> D. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function;

20 CFR Pt. 404, Subpt. P, App. 1, 112.05.

Claimant underwent testing utilizing the WISC-IV IQ intelligence test. The testing revealed Claimant had a full scale IQ of 68. (Tr. 575, 578). The ALJ found Claimant was not diagnosed with mental retardation but only borderline intellectual functioning. This Court agrees with Claimant that Listing 112.05 does not require such a diagnosis to meet the criteria of the Listing. This Court also finds that the ALJ's findings on whether Claimant has any deficits in adaptive functioning is wanting. The fact Claimant plays unsupervised, goes places alone, cleans her room, cares for her cat, helps in the kitchen, ties her shoes, and uses the telephone does not establish that Claimant experiences no deficits in adaptive functioning. On remand, the ALJ shall examine the DSM-IV testing under which Claimant's impairments in adaptive functioning was evaluated in light of her chronological age. Thereafter, he shall re-evaluate whether Claimant meets Listing 112.05.

## Conclusion

Based upon the foregoing, the undersigned Magistrate Judge finds the decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not

applied.   Therefore, the Magistrate Judge respectfully recommends the ruling of the Commissioner of Social Security Administration be **REVERSED and REMANDED** for further proceedings consistent with this opinion.

The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of the judgment of the District Court based on such findings.

DATED this 5th day of September, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE